No. 481

WERTHEIMER and WERTHEIMER v. LAST

Ohio Appeals, 1st Dist.

No. 2367. Decided Feb. 25, 1924

661. INTOXICATING LIQUORS—Sale of warehouse receipts—Refund of taxes paid upon release of from bond.

See also Neurad v. Wertheimer, page 488.

Heard on error to Hamilton Court of Common Pleas.

Matthias Last, on or about June 24, 1920, purchased through the Consolidated Brokerage Co. warehouse receipts issued by the plaintiffs in error, defendants below, for 650 cases of Pogue's Old Time Whiskey and 550 cases of Spring Hill Whiskey.

The receipts are similar and contained a provision as follows:

"Subject to delivery only on return of this receipt and upon payment of all charges due thereon, and upon payment of government and all other taxes. Stored at owner's risk at the distillery."

Twelve hundred cases of whiskey were shipped to said Last, in July or August, 1920. The plaintiffs in error contend that the whiskey was sold for a flat price, called a tax-paid price, that is, at so much per case, all taxes having been paid by them.

Last contends that the goods were sold in bond, the amount quoted included the price asked for the whiskey and the taxes which were to be paid by the holder of the warehouse receipts at the time the whiskey was to be released.

The taxes were paid, the whiskey released, and shipped as above stated, and, thereafter a portion of the taxes known as the Vance Tax, payable to the State of Kentucky, was declared unconstitutional by the U. S. Supreme Court, Feb. 28, 1921, and 44 cents per gallon was ordered refunded to those who had withdrawn such whiskey from bond. Last, as holder of the warehouse receipts when the whiskey was taken out, claims that he is entitled to this refunder. The present action was to recover the amount, and was

## STATE COURT OF APPEALS—Continued

for money had and received. The Court of Appeals held:

From the record in this case it seems clear that these warehouse receipts were issued, and the whiskey sold subject to the payment of the taxes, when it was ordered out.

It also appears that Last, the holder of the warehouse receipts, was the owner of the whiskey, but could not withdraw it until the tax had been paid, and that he is the one who secured the permits and ordered the whiskey withdrawn from bond.

It is admitted that the money, in the exact amount of the State and Federal taxes, then chargeable, was on both lots of whiskey sent by Last to the Wertheimers, and received by them. Both the Spring Hill and the Fortuna shipments were taken out and shipped to Last in July or August, 1920, and as the Vance tax was not declared unconstitutional until Feb. 28, 1921, the taxes must have been paid before the cases of whiskey could be taken out.

It is admitted in the record that a refund of 44 cents per gallons was made to the Wertheimers on the 1650 gallons contained in the 550 cases of Spring Hill Whiskey. This should have been returned to Last. To this extent, the judgment of the court below was correct.

As to the refund on the Fortuna whiskey, the record does not show that this money was ever returned to the Wertheimers. They denied the receipt of it, and attempted to introduce evidence to the effect that they purchased it from others. and had never received any refund. This testimony was excluded by the trial court. However, the taxes must have been paid prior to the shipping out of the goods, as at that time the Vance tax had not been declared unconstitutional. The burden was then upon the plaintiff below, Mathias Last, to show that L. & E. Wertheimer received the taxes refunded. As the proof failed in this regard, the court should have excluded it from the jury.

A verdict was directed by the court on motion of both parties.

The Court of Appeals modified the judgment, and held that the plaintiff is entitled to the amount of the refund, 44 cents per gallon, on the 1650 gallons of Spring Hill Whiskey, with interest on the same, as provided in the judgment below. No recovery can be had on the taxes for the Fortuna whiskey, because of failure of proof, as above stated, that the money was not shown to have been received by the Wertheimers.

Attorneys—Harmon, Colston, Goldsmith & Hoadley, for plaintiffs; W .F. Fox, for Last; all of Cincinnati.